**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HASMIK HALAJANYAN,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 05-77205<br><br>Agency No. A095-875-359<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 3, 2010
Pasadena, California

Before: NOONAN, CLIFTON and BYBEE, Circuit Judges.

Hasmik Halajanyan, a native and citizen of Armenia, petitions for review of

a Board of Immigration Appeals order summarily affirming an immigration

judge's denial of her applications for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT"). The IJ found that

Halajanyan had not testified credibly about her past persecution at the hands of

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Armenian authorities. Evaluating the IJ's decision as we would that of the Board, *Lanza v. Ashcroft*, 389 F.3d 917, 925 (9th Cir. 2004), we conclude that substantial evidence did not support the IJ's adverse credibility determination. *See Singh v. Gonzales*, 439 F.3d 1100, 1105 (9th Cir. 2006). We therefore grant the petition and remand for further proceedings.

The IJ identified certain minor inconsistencies in the record, such as the date of Halajanyan's son's arrest and the relative timing of the search of her home. These discrepancies, which cannot be viewed as attempts to enhance Halajanyan's claims of persecution, are too insignificant to support an adverse finding regarding Halajanyan's credibility generally. *See Singh v. Ashcroft*, 362 F.3d 1164, 1171 (9th Cir. 2004). Halajanyan's insistence that her son was detained for only one week suggests that she confused March 17th and February 17th when she recounted the date of her son's arrest. Allowing for this mistake, there was no inconsistency in Halajanyan's testimony about the length of her son's detention. Similarly, there were no inconsistencies—as the IJ thought there were—in Halajanyan's testimony about (1) where she was walking when she was hit by a military vehicle, (2) where on her body officers struck her after her arrest, or (3) the fact that she spoke to her son on the telephone but did not know where he was at the time. We cannot sustain an adverse credibility determination based on perceived inconsistencies that the

record does not support. *See Quan v. Gonzales*, 428 F.3d 883, 886 (9th Cir. 2005) (vacating adverse credibility finding where "there was no true inconsistency" in the record).

The coincidence that various incidents occurred on March 24th of different years did not give the IJ a "legitimate articulable basis to question [Halajanyan's] credibility." *Guo v. Ashcroft*, 361 F.3d 1194, 1199 (9th Cir. 2004). Neither did the IJ "offer a specific, cogent reason," *id.*, for her finding that Halajanyan's testimony about her husband's whereabouts was "inconsistent and vague." The IJ did not specifically identify instances of vague or inconsistent testimony, and Halajanyan offered plausible responses when questioned about her husband's location.

To the extent that Halajanyan's testimony about whether she was in Armenia or Russia in 1999 conflicts with her son's asylum application, she was never given an opportunity to explain the discrepancy. "[U]nclear testimony may not serve as substantial evidence for an adverse credibility finding when an applicant is not given the chance to attempt to clarify his or her testimony." *Id.* at 1200.

Finally, because "the mere omission of details is insufficient to uphold an adverse credibility finding," *Bandari v. INS*, 227 F.3d 1160, 1167 (9th Cir. 2000), Halajanyan's omission of the details of her release from the hospital in her asylum application cannot support the IJ's determination that she was not credible. In her

3

one-and-a-half page asylum application statement, prepared without the benefit of counsel, Halajanyan stated that "[a]fter [her] release from the hospital [she] continued [her] treatment at the clinic." The statement reveals nothing about the *manner* in which she was "release[d]" from the hospital. Halajanyan elaborated on that point in her testimony before the IJ, describing how she "escape[d]" the hospital by sneaking out when police monitoring her were not present. The record confirms that Halajanyan viewed the circumstances of her departure from the hospital as dispensable details, at least in the context of a one-and-a-half-page written summary of her entire four-year saga. When asked, "Why didn't you say on your statement that you had escaped the hospital?," Halajanyan replied "I don't know[,] maybe I thought [it was] not necessary." Halajanyan's written statement is not fundamentally inconsistent with her oral testimony. The IJ's scrutiny of the details Halajanyan elected to omit from this portion of her application statement—when other details were necessarily omitted throughout this short written summary of events—cannot support an adverse credibility determination.

We grant the petition for review, vacate the IJ's credibility finding, and remand to the agency. Despite the inadequacy of the IJ's reasons, "we cannot say that no doubts have been raised" about Halajanyan's credibility on the record before us. *Hartooni v. INS*, 21 F.3d 336, 343 (9th Cir. 1994) (internal quotation

4

marks omitted). We therefore remand to the agency to reassess Halajanyan's credibility in the first instance and determine her eligibility—if it finds her credible—for asylum, withholding of removal, and CAT protection. *See Garrovillas v. INS*, 156 F.3d 1010, 1017 (9th Cir. 1998).

**GRANTED and REMANDED.**